J. B. ROLATER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9379. Promulgated November 14, 1927.

*R. L. Slaughter, Esq.*, for the petitioner.
*D. H. Green, Esq.*, for the respondent.

OPINION.

GREEN: The petitioner alleges that the respondent erred in not allowing as a deductible loss in the taxable year 1921 the difference between the March 1, 1913, value of the hospital furniture and

equipment, which has been admitted by both parties to have been $12,500, and the sale price in 1921 of $7,500.

The Rolater Hospital was built in 1906. In 1911 certain additions were made to the furniture and equipment and in this year the building and hospital equipment were leased to the State of Oklahoma for a period of 10 years at a rental of $500 per month, the lessee agreeing to return the hospital and equipment at the expiration of the lease in as good condition as when originally received, excepting the usual wear and tear incident to the use of the property. Prior to the expiration of the lease, the State of Oklahoma canceled the lease and paid as damages $14,438.13. This amount was accepted in full settlement for the cancellation of the lease, as well as for certain damages to the hospital building and equipment. In the year 1920, the petitioner expended $8,887.96 in painting and repairing the hospital building and repairing and renewing the hospital equipment. The record is silent as to how this amount was expended. It is impossible to determine the amount that was expended in repairing the building or the amount expended in repairs on and replacements of the equipment of the hospital.

Both parties have agreed that the hospital equipment had a value of $12,500 on March 1, 1913. The petitioner alleges that the respondent erred in computing depreciation on this property at the rate of 5 per cent per annum from March 1, 1913, to the date of the sale. The petitioner offered no evidence to show that the rate used by the Commissioner was not correct. He contends, however, that the expenditures made in 1920 put the equipment in as good condition as it was on March 1, 1913, and that in effect no depreciation has been sustained. The Board held in the *Appeal of Even Realty Co.*, 1 B. T. A. 355, that due allowance must be made in ascertaining gain or loss upon the sale of capital assets, for exhaustion, wear and tear, and obsolescence occurring during the period of ownership, whether or not deductions have been taken therefor in prior tax returns. In the case of the *United States* v. *Ludey*, 274 U. S. 295, decided May 16, 1927, by the Supreme Court of the United States, Mr. Justice Brandies said:

The depreciation charged is the measure of the cost of the part which has been sold. When the plant is disposed of after years of use, the thing sold is not the whole thing originally acquired. The amount of the depreciation must be deducted from the original cost of the whole in order to determine the cost of that disposed of in the final sale of properties. Any other construction would permit a double deduction for the loss of the same capital assets.

In the instant case, the proper method of determining the loss, if any, on the transaction would be to add to the depreciated March 1, 1913, value of the hospital equipment the cost of the replacements made, and after deducting depreciation, compare the result with the

selling price of the property in 1921. Since the petitioner has not offered any evidence to show that the rate of depreciation used by the respondent was incorrect and the record does not show what portion of the expenditures in 1920 were of a capital nature, we have no alternative but to approve the respondent's determination.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and ARUNDELL.